UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL T. SCOTT,

                Plaintiff,                Case # 17-CV-6311-FPG

v.                                          DECISION AND ORDER

CITY OF ROCHESTER, et al.,

                Defendants.

On August 23, 2019, the Court granted Defendants' motion for summary judgment in part and denied it in part without prejudice. ECF No. 39. The Court concluded that Defendants were entitled to judgment as a matter of law on all of Scott's claims except the state-law claims against Officers Patrick and Samuel Giancursio. *See id.* at 12-14. While the Court determined that it should not exercise supplemental jurisdiction over the state-law claims—and therefore that those claims should be dismissed without prejudice—it deferred judgment on the issue so that the parties could be heard on the matter. *Id.*

Both sides have now responded to the Court's request to address the issue. Defendants submitted a letter stating they do not object to the Court's determination that it should not exercise supplemental jurisdiction. Scott filed a letter asking that the Court explain "what's going on" with his case,[1] but he does not address the issue of supplemental jurisdiction. ECF No. 40.

---

[1] In his letter, Scott states, "I'm receiving these letters from the Judge, and I really don't know what I'm reading or what's going on. Can you please explain to me what took place. Is the case over or is it something I need to get or do . . . ." ECF No. 40 at 1.

The Court will provide some clarification. In October 2018, Defendants moved for summary judgment on all of Scott's claims. For the reasons set forth in the August 23, 2019 Decision and Order, the Court agreed that many of the claims were not viable. In other words, the Court concluded that even if Scott's version of events were taken as true, he could not prevail at trial. For example, as to Officer William Wagner, Scott could not prevail at trial because there was no evidence that Officer Wagner was involved in "any of the underlying conduct." ECF No. 39 at 5. As to Scott's claim against Officer Patrick Giancursio for excessive force under § 1983, the Court concluded that a doctrine known as "qualified immunity" prevented Scott from being able to bring a successful claim. *Id.* at 7-11. For the reasons explained in the Decision and Order, the Court concluded that Scott could not prevail at trial on most of his claims. It therefore granted summary judgment on those claims.

The only claims that the Court did not address were Scott's state-law claims for battery, assault, and intentional infliction of emotional distress against Officers Patrick and Samuel Giancursio. But the Court questioned whether it should exercise supplemental jurisdiction over those claims. *Id.* at 12-14. Jurisdiction concerns a court's ability to preside over a case. Federal courts have *limited* jurisdiction, which means that they can only preside over certain types of cases. And unless certain circumstances apply, federal courts may not preside over claims under state law, like Scott's claims for battery, assault, and intentional infliction of emotional distress. *See Burke v. Vonnard*, No. 15-CV-1133, 2016 WL 3176653, at *4 (N.D.N.Y. June 7, 2016). "Supplemental jurisdiction" is one circumstance where the Court can preside over state-law claims, but for the reasons stated in the Decision and Order, the Court is not inclined to exercise that jurisdiction. *See* ECF No. 39 at 12-14.

Having given both sides an opportunity to address the issue, the Court reaffirms its prior conclusion. *See id.* at 13-14. Therefore, for the reasons stated in the Decision and Order, Scott's state-law claims against Patrick and Samuel Giancursio are DISMISSED WITHOUT PREJUDICE. What this means is that Scott can no longer pursue those claims in federal court, but it does not prevent him from filing those claims in state court. To the extent Scott wishes to do so, however, the Court cautions that he may only have a short window in which to refile those claims in state court. *See Fletcher v. ABM Building Value*, No. 14 Civ. 4712, 2018 WL 1801310, at *24 n.28 (S.D.N.Y. Mar. 28, 2018) ("New York's C.P.L.R. § 205(a) permits a plaintiff to recommence a suit that has been dismissed without prejudice within six months without regard to the statute of limitations.").

## CONCLUSION

For the reasons stated in the Decision and Order, Scott's claims for battery, assault, and intentional infliction of emotional distress against Officers Patrick and Samuel Giancursio are DISMISSED WITHOUT PREJUDICE. Because there are no remaining claims, the Clerk of Court is directed to dismiss Patrick Giancursio and Samuel Giancursio from the case, enter judgment in Defendants' favor in accordance with this Order and the August 23, 2019 Decision and Order, and close the case.

IT IS SO ORDERED.

Dated: September 11, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court